WIGGINTON, Chief Judge.
Appellant sued appellees in an action for damages resulting from personal injuries arising out of a motor vehicle collision. From the final judgment based upon a jury verdict awarding damages to appellant, this appeal is taken.
The sole contention on appeal is that the damages awarded are grossly inadequate and contrary to the manifest weight of the evidence; that in arriving at its verdict, the jury failed to consider all of the elements of damage sustained by appellant and established by the evidence; and, that in arriving at its verdict the jury was motivated by considerations outside of the record or by passion and prejudice.
During the trial appellant introduced evidence as to the special damages suffered by him, and testified concerning the pain and suffering he experienced as a result of the injuries he received in the collision. The jury’s verdict was for less than the amount of special damages claimed by appellant, and made no allowance whatever for pain and suffering.
Although we are sympathetic with the position in which appellant finds himself, we are not unmindful that prior attempts by the District Courts of Appeal to rectify apparent injustices of this kind have met with disapproval when the decisions were reviewed by the Supreme Court.[1] Appellant having failed to clearly demonstrate that the trial court abused its discretion or otherwise departed from the principles of law established by the decisions of the Supreme Court heretofore cited, the judgment appealed is affirmed on the authority of, and for the reasons set forth in the decision rendered by this court in Roberts v. Bu-shore.[2]
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ-, concur.

. Hayes v. Hatchell (Fla.1964), 166 So.2d 146; City of Miami v. Smith (Fla.1964), 165 So.2d 748; Shaw v. Puleo (Fla.1964), 159 So.2d 641.

. Roberts v. Bushore (Fla.App.1966), 183 So.2d 708.