LILES, Acting Chief Judge.
This appeal and cross-appeal is from a final judgment following a jury verdict growing out of a rear-end automobile collision. We have carefully reviewed the briefs, heard oral argument, and studied the record, and have determined that the judgment should be affirmed in all respects except the zero damages awarded for the personal injuries suffered by appellant, Harold E. Parris.
The cases are voluminous in reversing and sustaining zero damage verdicts.[1] But after a thorough study in comparison of them, it all seems to be set forth in Griffis v. Hill, Fla.1969, 230 So.2d 143. We reverse and remand for a new trial on the question of appellant’s damages alone based on Griffis v. Hill, infra, where the court said:
“The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict.”
*817 We believe that from a careful reading of the record one must arrive at the inescapable conclusion that reasonable men could not have believed Mr. Parris did not suffer personal injuries.
Mr. Parris was the driver of an automobile stopped at a red light when he was struck from the rear with sufficient impact to damage the trunk lid, bumper and trailer hitch. The quarter panel was forced forward into the doors, jamming them. The rear cross member and the right wheel rail of the frame were bent. His wife, Marilyn K. Parris, was a passenger and her damages were so severe that surgery was required with continuing treatment and she was caused to cease working. The jury found her to be permanently disabled to such an extent that they awarded her a verdict of $100,000.
In view of such damages to the automobile and such injury to the passenger, we believe it unreasonable that the jury concluded that the driver sustained no injury. Mr. Parris testified that he suffered immediate pain in his left shoulder and neck and that the pain continued. He consulted, and was treated by, three doctors. He wore a collar that was prescribed and received therapy, including traction. He missed several days from work. Dr. Cordrey testified that he was peculiarly susceptible to neck injury because of a pre-existing posture abnormality, that his condition was permanent and that it could not be accounted for by pre-existing posture abnormality alone without an interposing trauma such as the one he suffered in the accident.
Medical bills for Mr. Parris’ treatment were also introduced into evidence. Although cross-appellants have attacked their sufficiency as proof of his damage on the grounds of lack of evidence as to their reasonableness or necessity, they made no such complaint or objection when they were introduced at the trial. Even so, medical expenses are but one element of damages for personal injury and a zero verdict would not be sustainable in this case even if the proof is insufficient in that respect.
For the foregoing reasons, the final judgment of the trial court is affirmed as to the award of $15,700 to Harold E. Par-ris for the injury of his wife and the award of $100,000 to Marilyn K. Parris for her injuries. It is reversed and remanded for a new trial for the personal injuries of Harold E. Parris.
Affirmed in part, reversed in part, and remanded for a new trial.
HOBSON, J., concurs.
MANN, J., concurs in part, ‘dissents in part with opinion.

. Shaw v. Puleo, Fla.1964, 159 So.2d 641; Short v. Grossman, Fla.1971, 245 So.2d 217; Boeck v. Diem, Fla.App.1971, 245 So.2d 687; Tejon v. Broome, Fla.App.1972, 261 So.2d 197; Cf. City of Miami v. Smith, Fla.1964, 165 So.2d 748; Roberts v. Bushore, Fla.1966, 182 So.2d 401, on remand Fla.App., 183 So.2d 708; Brick v. Denny, Fla.App.1967, 205 So.2d 549; Anastasio v. Summersett, Fla.App.1969, 217 So.2d 854.