BERANEK, Judge.
This is an appeal by defendants from an order granting plaintiffs a new trial on damages only in a personal injury action. Plaintiffs were husband and wife suing for personal injury and loss of consortium. Plaintiff/husband sustained impairment of the vision in one eye as the result of being struck by a foreign object allegedly propelled through an unprotected chute on a lawnmower for which the defendants were alleged to be responsible. After a jury trial, a verdict was returned for $30,000 in the husband’s favor. A claim for loss of consortium by the wife was also submitted to the jury and a verdict in favor of the plaintiff/wife for “zero dollars” was returned. By order of March 7,1977, the trial court granted new trial to both plaintiffs on damages only. This order stated that the amount of the verdict shocked the conscience of the Court and that no jury of reasonable persons could return such a verdict. The case was appealed by defendants seeking to overturn the grant of the new trial and to reverse the trial court’s denial *93 of defendants’ motions for directed verdicts on liability. By order of November 14, 1978, this Court temporarily relinquished jurisdiction to the trial court with the request that the trial judge set forth the reasons why he concluded that there was need for a new trial. This relinquishment of jurisdiction was specifically stated to be in accordance with Rule 1.530(f) of the Florida Rules of Civil Procedure and in accordance with the dictates of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978).
Rule 1.530(f) Fla.R.Civ.P. states as follows:
(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
Wackenhut Corp. v. Canty, supra, gives specific directions to trial courts entering orders for new trial. In this case, the trial court’s initial order was deficient and the court did not enter a proper order even after the relinquishment of jurisdiction. Instead, the trial court met with counsel and discussed the case at length. The trial judge then, instead of entering an order, simply sent the transcript of the hearing to this court with a statement that it contained the reasons for granting new trial.
We have reviewed the transcript and find the reasons stated therein are not sufficient to sustain the order granting new trial. We conclude in light of the stated reasons, that the trial court abused its discretion in granting a new trial as to both plaintiffs. Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Wackenhut Corp. v. Canty, supra. The transcript states that the verdict of $30,000 was simply insufficient because the plaintiff had sustained a substantial eye injury. The trial judge stated that in his opinion eye injuries were particularly bad and that $30,000 was shocking. With due regard to the trial court, here he apparently acted as “a seventh juror with veto power” as is condemned by Wackenhut. The only other statement of a reason is that the jury knew from general knowledge and reading the papers that the “lawyers are making all the money” by taking cases on a contingency fee basis. The court stated that the $18,000 that would be left to the client after attorney’s fees was insufficient. The court’s own comments disclose there was absolutely nothing in the record of this trial to support the assumption that the jury was influenced in this regard. This reason is, therefore, insufficient as a matter of law. The grant of the new trial in regard to the verdict of $30,000 in favor of the plaintiff/husband is reversed and the matter remanded to the trial court with instructions to enter judgment on this verdict in plaintiff’s favor.
The grant of the new trial in regard to the zero verdict in favor of the plaintiff/wife on the consortium claim is also erroneous based on the reasons stated in the transcript.
Plaintiffs husband and wife were having serious marital problems before the accident and were divorced thereafter. None of the marital discord was due to the accident. In discussing this zero verdict the trial court stated that the award of “zero dollars” was “a fair award” in view of the marital problems. This is the reason stated and it does not support the grant of a new trial which is here reversed.
We have considered the defendants’ arguments regarding the question of liability and find them to be without merit.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, C. J., concurs.
CROSS, J., dissents without opinion.