510 So.2d 1110 (1987)
Marianne SHORT and Donald Short, Appellants,
v.
Donald EHRLER and Gary Ehrler, Appellees.
No. 4-86-0608.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
Rehearing Denied August 25, 1987.
*1111 Philip M. Burlington of Edna L. Caruso, P.A., and Taplan & Howard, P.A., West Palm Beach, for appellants.
Joan Fowler of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellees.
LETTS, Judge.
The question presented is whether the jury erred by returning a zero verdict despite uncontroverted expert testimony that the plaintiff had, in fact, sustained some damages. The trial court denied the motion for a new trial holding "that the jury could conclude that the damages as a result of this accident were not causally related to the damages she sustained." We reverse.
In this case, the plaintiff/driver's automobile was rear-ended by another vehicle driven by one of the defendants. There is no issue as to liability for the accident, to which the defendants stipulated, and the case went to the jury solely on the issue of damages. The defense centered on a preexisting back injury resulting from an epileptic fit dating back several years before the automobile collision now at issue.
The plaintiff's two medical experts, while conceding the preexisting injury, unequivocally testified that there was an identifiable aggravation because of the car accident, resulting in at least a twelve percent permanent functional impairment. Even the Doctor named by the defense testified that some aggravation "could" have resulted from the car accident though he testified that no more than a "small degree" of the permanent impairment percentage could be related to the automobile mishap. As a consequence, there was no testimony whatever that her condition was not aggravated so that, at the very least, nominal damages should have been awarded.
Based on the closing argument, it is obvious that even the defense conceded that some aggravation occurred from the auto collision and the defense's concluding statement was as follows:
I'm not trying to say to you ladies and gentlemen that she walked away from that automobile accident without any problems. [The defense's expert medical witness] has told us that she has some aggravation of a significant pre-existing problem. That's going to be up for you to decide.
[Plaintiff's counsel] has suggested a range of $150,000 to $175,000. I don't know where that comes from. I would respectfully suggest to you that in a range of $20,000 to $25,000 would more than adequately compensate the [plaintiff's] for the position that they have been placed in.
I thank you very much for your attention.
Accordingly, since it was undisputed that the plaintiff suffered some damages from the collision negligently caused by the defendants, the jury could not reasonably have returned a zero verdict. See Griffis v. Hill, 230 So.2d 143 (Fla. 1969), and Parris v. Gavagan, 271 So.2d 816 (Fla. 2d DCA 1972).
Though not necessary to our conclusion, and only as a guide on retrial, we also find it was error not to admit the medical notes of Doctor Ford. See section 90.803(4), Florida Statutes (1985), albeit their contents were cumulative and their exclusion harmless error.
*1112 The Final Judgment is, therefore, reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN and STONE, JJ., concur.