522 So.2d 66 (1988)
Joyce S. HARTSFIELD, Etc., Appellant,
v.
ORLANDO REGIONAL MEDICAL CENTER, INC., Appellee.
Nos. 87-1103, 87-1693.
District Court of Appeal of Florida, Fifth District.
February 18, 1988.
Rehearing and Clarification Denied March 24, 1988.
*67 Paul B. Irvin, of Troutman, Williams, Irvin, Green & Troutman, P.A., Winter Park, for appellant.
H. Scott Bates, of Mateer, Harbert & Bates, P.A., Orlando, for appellee.
LEE, R.E., Jr., Associate Judge.
Appellant's son, David, was admitted to appellee hospital at the age of six months, for gastroenteritis. During his stay in the hospital, he developed several sores on his head and neck, allegedly through the negligence of appellee. These sores left disfiguring scar tissue and bald spots. Appellant filed suit against appellee and the Florida Patients Compensation Fund, both individually and as the guardian for her son, David.
Prior to trial, the appellee offered to allow judgment against it in the amount of $60,000.00. This offer was refused, and the case proceeded to trial.
Following the testimony of various expert witnesses, the jury returned a verdict of negligence on the part of employees of the hospital which was a legal cause of damage to David or his mother. The jury awarded David $30,000.00 in damages, and zero dollars to his mother, the appellant. The hospital also moved for attorney's fees under section 768.56, Florida Statutes (1983), which governed attorney's fees in medical malpractice actions, and the court granted appellee's motion in toto but reserved ruling as to the amount. This ruling was based, apparently, on the appellee's claim that it was entitled to attorney's fees because the jury's award was less than its offer of judgment and thus the hospital was the "prevailing party" or, alternatively, that it was entitled to fees in defending the mother's claim because she failed to receive a verdict in her favor.
Appellant contends that the trial court erred in failing to grant her motion for a new trial on damages as to the jury's award of zero dollars to her. She also alleges error on the court's part in awarding *68 the hospital attorney's fees in defending the parent's individual claim for damages, where the hospital was determined to be negligent, but the parent was awarded nothing and in awarding the hospital attorney's fees as the "prevailing party" because the damage award of $30,000 was less than the hospital's offer of judgment of $60,000.
We believe that the trial court erred in failing to grant a new trial on the question of damages. The law seems to be very clear, almost without exception, that when a plaintiff has suffered some damages from the negligence of the defendant, the jury cannot reasonably return a verdict for zero damages, and the appellant is entitled to a new trial. Short v. Ehrler, 510 So.2d 1110 (Fla. 4th DCA 1987); State Farm Mutual Auto Insurance Company v. Howard, 458 So.2d 874 (Fla. 2d DCA 1984); Hannabass v. Florida Home Insurance Company, 412 So.2d 376 (Fla. 2d DCA 1981). See also Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980); Albritton v. State Farm Mutual Automobile Insurance Company, 382 So.2d 1267 (Fla. 2d DCA 1980); Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979); Botag Manufacturing Company v. Kleinicke, 370 So.2d 92 (Fla. 4th DCA 1979); Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978).
In the trial below, appellant's witness, Dr. Edelman, a psychologist, testified that David's scars have caused psychological problems and that they will continue in the future. He also testified that the appellant herself should receive counselling to help her deal with David's problems, at a cost of $75.00 to $100.00 per hour. The hospital's own witness, Dr. Wayne Cruse, stated that David's scars were permanent and that they would not substantially improve with time. He also testified that any scar could cause problems with social interaction, and that he believed David's appearance could be substantially improved by two operations at a cost of, perhaps, $3,500.00.
The court instructed the jury to award on the claim of the mother individually "[t]he reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by her for her child in the past, or to be obtained in the future until David reaches the age of eighteen." This instruction, for whatever reason, was ignored by the jury.
Since there was clear evidence of reasonably necessary future medical expenses, a zero verdict on appellant's claim is clearly erroneous and her motion for a new trial on damages should have been granted. In view of our reversal for a new trial on damages, the award of attorney's fees must also be reversed.
For purposes of the retrial, we note that appellant should have been allowed to explain to the jury why she had not yet arranged for plastic surgery for her son. Appellant's statement that doctors told her to wait for plastic surgery until the boy was five or six years was excluded on hearsay grounds. However, the statement regarding the appropriate time for surgery was offered to show its effect on appellant and not for the truth of the matter contained in the statement. Accordingly, it was not hearsay and should not have been excluded. 194th Street Hotel Corp. v. Hopf, 383 So.2d 739 (Fla. 3d DCA 1980).
We also note that the hospital should not have been awarded attorney's fees simply because its offer of judgment of $60,000 was greater than the damage award of $30,000. Section 768.56, Florida Statutes (1983), which governed attorney's fees in medical malpractice actions, provides as follows:
Attorney's fees in medical malpractice actions. 
(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken. Before *69 initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a nonprevailing party be required to pay to any or all prevailing parties any amount in attorney's fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party's attorney's fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney's fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
Here the hospital claims that it was the "prevailing party" under this section because the final judgment was not more favorable to appellant than its offer of judgment. Statutes authorizing an award of attorney's fees are in derogation of the common law and must be strictly construed. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). Under this section there is only one "prevailing party" and the fact that appellant received an award less than the offer of judgment only eliminates her right to attorney's fees which were incurred after the offer of judgment was made.
REVERSED and REMANDED.
SHARP, C.J. and COBB, J., concur.