ALTENBERND, Chief Judge.
Max F. Koletzke, Jr., appeals the trial court’s order granting a new trial to the plaintiff, Virginia Small, in this, automobile negligence lawsuit. We affirm the order on appeal.
Mr. Koletzke was in an automobile accident with Ms. Small in Lee County on December 11, 1999. His car struck the passenger-side door on Ms. Small’s car, causing extensive damage to her car. He admitted that he was negligent in this action but contested whether Ms. Small was entitled to recover damages for all of the personal injuries that she claimed. Damage to the car was not an issue at trial, but the parties extensively litigated whether all of Ms. Small’s alleged injuries were related to the accident and whether her injuries were permanent for purposes of the no-fault threshold.
There was no dispute that Ms. Small was transported from the scene of the accident by ambulance to a nearby hospital. She received treatment, including diagnostic tests that were essentially negative. No one suggested that this treatment was unreasonable or unnecessary, and it was covered by Ms. Small’s personal injury protection coverage. By March 2001, Ms. Small had incurred medical expenses totaling approximately $18,000. Thereafter, she relocated out of state. At trial, she claimed she was permanently disabled by the accident and requested substantial past and future damages.
During closing argument, Mr. Koletzke’s attorney stated:
So I think this case can be concluded in the following fashion. I would suggest that you obviously can do whatever you want to do. That’s your job, but that the answer to number one, question number one, is going to be, did the negligence cause her any damage? Of course it did. We’re not disputing that. Yes. Number two, past medical expenses, somewhere in the range of 17 or $18,000.
On the verdict form, question number one asked: ‘Was the negligence on the part of Max F. Koletzke, Jr., a legal cause of damage to Plaintiff, Virginia Small?” Despite the advice of Mr. Koletzke’s attorney, the jury answered this question “no” and proceeded no further into the verdict form. This verdict was accepted by the trial court, and the jury was discharged.
*754 It is clear that the trial court did not abuse its discretion by granting a new trial in this case when the jury declined to award even $1 for Ms. Small’s undisputed damages. See Cowen v. Thornton, 621 So.2d 684 (Fla. 2d DCA 1993); Short v. Ehrler, 510 So.2d 1110 (Fla. 4th DCA 1987); see also Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). The jury received the standard collateral source instruction in this case, which tells the jury that it cannot reduce the award because of benefits received from insurance companies. See Fla. Std. Jury Instr. (Civ.) 6.13(a). Thus, the jury’s verdict in this case would necessarily be against the manifest weight of the evidence unless the jury returned, at a minimum, an award that included the expenses associated with Ms. Small’s trip to the emergency room on the day of the accident.
We write in this case primarily to remind defense attorneys that it is not safe in this type of an action involving the no-fault threshold under section 627.737, Florida Statutes (1999), to tell a jury that it can do whatever it wants to do. Once liability is admitted in a case where the plaintiff made a reasonable trip to the emergency room, the jury must return a verdict awarding at least the minimal damages that undisputedly are not barred by the no-fault threshold. We understand why a defense attorney would want the jury to focus on “legal cause” in this type of case, but the first question on this verdict form is likely to confuse the jury when even the defense attorney wants the jury to return a verdict awarding some damages.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.