901 So.2d 377 (2005)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Julian REVUELTA and Mary Revuelta, Appellees.
No. 3D03-3294.
District Court of Appeal of Florida, Third District.
May 11, 2005.
*378 Clark Robb Mason Coulombe & Buschman; Russo Appellate Firm, P.A., and Elizabeth K. Russo and Jonathan L. Gaines, Miami, for appellant.
Hunter, Williams & Lynch, P.A., Steven K. Hunter and Christopher J. Lynch, Miami, for appellees.
Before COPE, GERSTEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
State Farm Mutual Automobile Insurance Company ("State Farm"), appeals an adverse final judgment and the denial of its motion for new trial. We reverse and remand for a new trial.
The plaintiff, Julian Revuelta ("Revuelta") was stopped at a red light when a truck driven by David Alvarez ("Alvarez"), a Miami-Dade County Water and Sewer ("Miami-Dade County") employee, struck him from behind. Miami-Dade County and its employees were self insured for up to $100,000. Revuelta and his wife Mary *379 ("the Revueltas"), filed a negligence suit against Alvarez's employer, Miami-Dade County.
Because the Revueltas sought damages in excess of the self insurance policy, Alvarez and Miami-Dade County were considered uninsured motorists under Young v. Progressive Southeastern Ins. Co., 753 So.2d 80 (Fla.2000). Accordingly, the Revueltas also filed suit against State Farm, the Revueltas' uninsured motorist carrier, for uninsured motorist benefits.
State Farm answered the complaint raising the affirmative defense that Alvarez was not negligent due to sudden brake failure. Before trial, the Revueltas settled with Miami-Dade County.
Pre-trial, State Farm filed two motions in limine: (1) to prevent the Revueltas from encouraging the jury to send a message to State Farm through its verdict that insurance companies should be punished for not paying an insured's benefits, and (2) to prevent the Revueltas from arguing or presenting evidence of the insured's premium payment history. The trial court granted the former and denied the latter motion in limine.
Finding negligence, the jury awarded $860,213.08 in damages. In turn, State Farm sought to vacate the final verdict, arguing that its liability should be restricted to the amount of its coverage limits, to wit, $100,000. State Farm further filed a motion for new trial and remittitur. Although the trial court entered a new judgment of damages of $100,000, it denied State Farm's motion for a new trial and remittitur.
On appeal, State Farm asserts that the court erred in allowing the Revueltas to argue: (1) the disparity of the parties' economic conditions, (2) the lack of medical insurance to cover future medical expenses, and (3) in closing argument, their entitlement to benefits based on a long history of paying premiums. State Farm also challenges the trial court's denial of its motion for remittitur as to future medical expenses and lost earning capacity.
The Revueltas contend that a new trial is not required as this was a breach of contract action, there were no improper appeals to economic disparity between the parties, and the award of future damages is supported by the evidence. We conclude that the trial court abused its discretion in denying the motion for new trial.
First, the trial court erred in denying State Farm's motion in limine to exclude reference to the number of years the Revueltas had been insured by and paid premiums to State Farm. Over objection, the Revueltas improperly argued in closing that:
It was specifically for this event that the Revuelta family for twenty years has been paying premiums to the State Insurance company, so that in the event of an accident such as this their family would be protected and they would be entitled to cover the benefits which the insurance policy sets forth in its terms and for which they calculate and figure out and charge a premium to provide those benefits. And this is the day that I'm asking you as this jury to call them to account for ... to call them to account for those responsibilities that they undertook under their policy.
Asking the jury to call State Farm to account for failing to pay benefits is clearly prejudicial. See Kloster Cruise Ltd. v. Grubbs, 762 So.2d 552 (Fla. 3d DCA 2000)(closing argument asking the jury to send a message was improper). The issue here was driver negligence, not bad faith for failing to pay the Revueltas' uninsured benefits. Length of time paying premiums has no relevance to driver negligence. South Motor Co. v. Accountable *380 Const. Co., 707 So.2d 909 (Fla. 3d DCA 1998).
Next, as State Farm asserts, the Revueltas continued this improper theme during closing by arguing that "on one hand State Farm is a good neighbor and they want to help you, [yet when it comes time to pay] ... it is like the sales department and the claims department has never met." Again, the Revueltas improperly insinuated that State Farm acted in bad faith in defending this action rather than paying the benefits. This type of argument is improper because State Farm, standing in the shoes of the uninsured motorist, was entitled to raise and assert any defense that the uninsured motorist could have argued. Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla.1986).
Finally, the trial judge improperly allowed the Revueltas' attorney to question Mary Revuelta about coverage for future medical expenses by asking: "We have heard from Dr. Cabrera about the cost of surgery, $40,000 or $45,000 for the low back and for the neck. Is he covered for insurance for that?" After hearing that the Revueltas did not have insurance to cover future medical expenses, the jury sent a question asking whether the Revueltas would have to pay the future medical expenses out of their own pocket.
This testimony and the resulting verdict illustrate the danger that jurors may be influenced by evidence of a party's wealth or poverty and therefore sympathize with the financially stricken party. See Batlemento v. Dove Fountain, Inc., 593 So.2d 234 (Fla. 5th DCA 1991). Here, the testimony juxtaposes economic disparity between the wealthy insurance company and the uninsured working person. See Sossa v. Newman, 647 So.2d 1018 (Fla. 4th DCA 1994). Thus, we can not conclude that this testimony did not influence the jury when they decided to award the Revueltas future medical damages.
These cumulative prejudicial errors denied State Farm a fair trial. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.