DAVIS, Judge.
Kimberly Martin challenges the final judgment entered in favor of Darrell L. Brubaker in her personal injury suit and the subsequent denials of her motions for new trial and additur. Martin, the passenger in a vehicle that was struck by Brubaker’s vehicle, complained of injuries resulting from the accident. Brubaker admitted liability, and the issues of causation and damages were presented to a jury. The jury found that Brubaker’s negligence was not the legal cause of Martin’s injuries, and no damages were awarded. We affirm the jury findings as they relate to causation, but we reverse as to the finding on damages because the medical evaluations sought by Martin immediately after the accident require the award of at least some amount of damages.
At trial, Martin’s considerable expert testimony as to the nature and extent of her injuries was contradicted by Brubaker’s evidence suggesting that her problems were the result of a preexisting condition and not the result of the accident. The jury resolved this conflict in the evidence by rejecting Martin’s evidence and finding in Brubaker’s favor on the causation issue. Although Martin challenges certain evi-dentiary rulings of the trial court as they relate to the jury’s findings on causation, we find no error in these rulings and affirm the causation determination without further comment.
However, Martin also claims that the trial court erred by denying her motions for additur and new trial on damages. She maintains that Brubaker’s stipulation that it was his negligence that caused the accident combined with his failure to raise the issue of comparative negligence entitles her to past medical damages. We agree.
“Once liability is admitted in a case where the plaintiff made a reasonable trip to the emergency room, the jury must return a verdict awarding at least the minimal damages that undisputedly are not barred by the no-fault threshold.” Koletzke v. Small, 900 So.2d 752, 754 (Fla. 2d DCA 2005). It is undisputed that Martin went to Lakeland Regional Medical Center for pain in her neck and back -within a few hours after the accident. Similar to the facts in Koletzke, it is undisputed here that these initial diagnostic tests and treatments were reasonable or necessary after the accident. See id. Even with the jury’s finding in Brubaker’s favor on causation, the failure to award at least the *799 costs of the initial medical evaluations as damages was against the manifest weight of the evidence, and the motion for new trial should have been granted. See id. at 754.
Accordingly, we reverse the final judgment as it relates to the failure to award damages and remand for a new trial in accordance with Koletzke. Because we affirm that portion of the final judgment as it relates to the jury’s finding of no causation and the trial court’s evidentiary rulings related to that issue, the new trial should be limited to the issue of damages.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.