GERBER, J.
The plaintiff appeals the trial court’s order denying her motion for a new trial on damages due to the jury’s zero verdict. She argues that the zero verdict was inadequate as a matter of law because:
(1) the defendant stipulated before trial that his negligence caused the accident;
(2) the defendant stipulated during trial that the plaintiff sustained a permanent injury because of the accident; and (3) the trial court gave the following jury instruction:
Based upon the admission of the defendant, the Court has determined and now instructs you that the defendant was negligent and such negligence was a legal cause of some loss, injury or damage to the plaintiff. Plaintiff is, therefore, entitled to recover from the defendant for the loss, injury or damage as shown by the greater weight of the evidence to have been caused by the defendant.
(emphasis added).
We agree with the plaintiff and reverse for a new trial on damages. See, e.g., Martin v. Brubaker, 87 So.3d 797, 798-99 (Fla. 2d DCA 2012) (“[T]he failure to award at least the costs of the initial medical evaluations as damages was against the manifest weight of the evidence.”); Hartsfield v. Orlando Reg’l Med. Ctr., Inc., 522 So.2d 66, 68 (Fla. 5th DCA 1988) (“The law seems to be very clear, almost without exception, that when a plaintiff has suffered some damages from the negligence of the defendant, the jury cannot reasonably return a verdict for zero damages, and the appellant is entitled to a new trial.”) (citations omitted); Short v. Ehrler, 510 So.2d 1110, 1111 (Fla. 4th DCA 1987) (“[Sjince it was undisputed that the plaintiff suffered some damages from the collision negligently caused by the defendants, the jury could not reasonably have returned a zero verdict.”). But see Smith v. Fla. Healthy Kids Corp., 27 So.3d 692, 694 (Fla. 4th DCA 2010) (“It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting evidence exists concerning damages and reasonable [persons] could believe that the plaintiff sustained no damages, a zero verdict will be upheld.”) (emphasis added; citation and quotations omitted).
*1093 The plaintiff also argues that the trial court abused its discretion by: (1) denying her motion in limine to exclude evidence regarding a third party’s discounted purchase of the account receivable for one of her medical bills; and (2) allowing the defendant, during closing argument, to allegedly contend inflammatorily that such a purchase amounted to a “kickback” motivated by “greed” for which the third party received a “windfall.” We conclude without further discussion that the trial court did not abuse its discretion in denying the motion in limine. As for the closing argument, when the defendant made the allegedly inflammatory argument, the plaintiff did not object. The plaintiff also did not raise this challenge in her motion for new trial. Thus, the plaintiffs challenge to the defendant’s closing argument is unpreserved, and we have not considered the challenge on its merits. See Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1027 (Fla.2000) (“[A] civil litigant may not seek relief in an appellate court based on improper, but unobjected-to, closing argument, unless the litigant has at least challenged such argument in the trial court by way of a motion for new trial even if no objection was voiced during trial.”).

Reversed and remanded for a new trial on damages.

MAY, C.J, and HAZOURI, J., concur.