DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**MICHAEL D. GOLD** and **GINA GOLD,** individually and as husband and wife,
Appellees.

No. 4D14-2362

[January 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562012CA002941.

Carri S. Leininger of Williams, Leininger & Cosby, P.A., North Palm Beach, for appellant.

Matthew E. Haynes of Lytal, Reiter, Smith, Ivey & Fronrath, LLP, West Palm Beach, for appellees.

FORST, J.

The pertinent issue before the Court is whether various statements made by the trial court judge and one of the parties below were improper and require a new trial.[1]  For the reasons given below, we answer in the affirmative and reverse the trial court's denial of Appellant State Farm's motion for new trial.

### Background

Appellee Michael Gold was in a car accident while covered by an uninsured motorist policy issued by Appellant State Farm Mutual Automobile Insurance Company, under which he sued for damages.  The case proceeded to trial.

Before closing arguments, the trial court instructed the jury that "Michael Gold was insured under a policy with [State Farm].  This

---

[1] We find no merit in State Farm's other argument on appeal.

insurance policy provided uninsured/underinsured motorist benefits. [State Farm] is responsible for any injuries or damages sustained by [Gold] legally caused by the accident."

Closing arguments began with Gold's attorney stating:

> We're here because Mr. Gold had purchased uninsured motorist coverage so this wouldn't happen. State Farm has denied his claim and now he's facing down a stack of medical bills. And he's been carrying this burden with him until today and State Farm to this day, to this minute has never taken responsibility for the damages in the crash and for the injuries that are covered under this policy, and they're not going to do it until you force them to do it with your verdict.

While Gold's attorney was making this statement, a PowerPoint slide was visible to the jury that read "Michael Gold has been carrying a debt. State Farm promised to pay stacks of medical bills. Paying the price for someone else's mistake State Farm refuses to take responsibility for the debt it owes to Mr. Gold, forcing us to bring them to trial." State Farm objected to both the spoken comment and the slide. The jury remained in the room for one or two minutes during the bench conference on that objection before being removed. The court sustained the objection and brought the jury back in.

At the end of Gold's closing argument, a PowerPoint slide was displayed that said "Gold has done the right thing all along. Has the Defendant?" State Farm again objected, but the court overruled this objection. The jury found in favor of Gold.

## Analysis

Although an attorney is accorded great latitude in closing arguments, "this leeway is not unbridled." *Davidoff v. Segert*, 551 So. 2d 1274, 1275 (Fla. 4th DCA 1989) (per curiam). A motion for new trial should be granted if a party's closing argument was "'so highly prejudicial and inflammatory that it denied the opposing party its right to a fair trial.'" *Philip Morris USA, Inc. v. Tullo*, 121 So. 3d 595, 600 (Fla. 4th DCA 2013) (quoting *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1271 (Fla. 2006)). Comments that rise to this level include comments about an insurance company "refusing to 'own up to the responsibility that they have.'" *Carvajal v. Penland*, 120 So. 3d 6, 10 (Fla. 2d DCA 2013).

Gold argues here that his attorney's comments were too "fleeting" to

merit reversal, even though he concedes that they were improper. We disagree.

The above-noted comments bookended Gold's closing argument. Although it is true that they cannot be said to make up a substantial part of the total statements made, their effect was far from inconsequential. Adding to this conclusion is the fact that Gold's first comment was not only spoken, but projected, and this PowerPoint slide continued to be displayed during a bench conference. This provided further opportunity for the jury to be influenced by the message, thus negating to some extent the trial court's eventual sustaining of the objection.

For a similar reason, we reject Gold's claim that the final PowerPoint slide ("Gold has done the right thing all along. Has the Defendant?"), which was only projected and never spoken, was inconsequential. Visual aids are used during arguments *precisely because* they are effective ways of communicating ideas and themes to the jury. To hold that a written statement is not harmful simply because it is written would be to ignore basic principles of argument.

The cumulative effect of Gold's statements and the trial court's jury instruction that focused the jury's attention on State Farm's liability and culpability rather than on the issue of damages compels our holding. We are not convinced that the court's instruction would necessarily have been improper on its own (although we do not explicitly hold as such), but in conjunction with Gold's statements the instruction painted a clear picture in the jury's minds of a company breaking an obligation rather than a company simply attempting to determine actual damages *attributable* to the accident. *See Allstate Ins. Co. v. Marotta*, 125 So. 3d 956, 960 (Fla. 4th DCA 2013) ("It is improper for counsel to suggest in closing argument that a defendant should be punished for contesting damages at trial or that defending a claim in court is improper." (internal quotation marks omitted)).

Of course, our analysis of this issue has been guided by the harmless error standard set forward in *Special v. West Boca Medical Center*, 160 So. 3d 1251, 1256 (Fla. 2014). We are unable to say that Gold has proven there was no reasonable possibility that the errors contributed to the verdict.

## Conclusion

Because there is a reasonable possibility that the cumulative effect of the trial court's instruction and Gold's improper statements — both

spoken and projected — may have contributed to the verdict, we reverse the trial court's denial of State Farm's motion and remand for a new trial.

*Reversed and Remanded.*

LEVINE and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4