PER CURIAM.
This appeal has been taken by the plaintiff from a final judgment entered upon a jury’s verdict in favor of the. defendant in a suit for damages arising under the *916 Guest Statute.[1] The sole point presented for decision involved the correctness of the trial court’s ruling which overruled an objection made by plaintiff to a hypothetical question propounded by defendant to his expert witness. It is contended that the court’s ruling constituted harmful error for which the judgment should be reversed.
In the presentation of plaintiff’s evidence she introduced the testimony of two expert witnesses. Based upon the facts established by the evidence, and the expert’s examination thereof, one witness testified as to his estimate of the speed at which the vehicle was moving at the time it went out of control and ran off the highway. Among other things, the second expert witness testified that from the facts in evidence, and his examination thereof, the vehicle was traveling backward at the time it ran off the highway and at the time it struck the embankment over which the vehicle catapulted resulting in the damages claimed.
In the presentation of defendant’s evidence he called an expert witness whose testimony he sought to elicit in his own behalf. The witness was propounded a hypothetical question in which he was instructed to assume the existence of certain facts shown by the evidence, and in addition to assume that opinions had been expressed as testified to by plaintiff’s experts relative to the speed and position of the vehicle when it ran off the highway, and then to state whether he had an opinion as to the validity of the prior opinions expressed by plaintiff’s witnesses. Plaintiff’s objection to this hypothetical question was overruled and the witness was permitted to testify in response thereto. It is the court’s action in overruling plaintiff’s objection that forms the subject of this appeal.
We are compelled to agree with appellant that the form of the question as framed by defendant was improper, and plaintiff’s objection thereto should have been sustained. This is so for the reason that the question sought to elicit an opinion of the witness as to the validity of opinions expressed by plaintiff’s expert witnesses. In the case of Atlantic Coast Line Railroad Company v. Shouse, our Supreme Court held that a hypothetical question should not be framed in such way as to require or permit the witness to draw conclusions of fact from the evidence in the case or to exercise his judgment as to the weight which should be given to the testimony of other witnesses.[2] This holding is in conformity with the generally accepted rule which operates to exclude testimony of experts given in answer to hypothetical questions which incorporate opinions, inferences and conclusions of others, as where the question is asked directly on those opinions, inferences and conclusions.[3]
If in response to the objectionable hypothetical question, defendant’s witness had directly and expressly opined that the opinions testified to by plaintiff’s expert were invalid and unworthy of belief by the jury, we would be confronted with the question of whether the admission of this testimony constituted harmful error requiring reversal of the judgment appealed. A careful examination of the witness’ testimony in response to the objectionable question, however, reveals that he did not so testify. The unresponsive character of the witness’ answer was immediately appreciated by plaintiff’s counsel who timely interposed objection thereto on the ground that the answer was not responsive to the question propounded. The witness did not express an opinion as to the validity or invalidity of those opinions expressed by plaintiff’s experts. He answered that based upon his examination of the evidence adduced at the trial, and assuming the facts set forth in the hypothetical question, it was his opinion that the truck was traveling forward *917 and not backward when it left the highway. He then proceeded to explain and justify Tiis opinion by referring to numerous items of evidence which led him to a conclusion contrary to that expressed by plaintiff’s witnesses. In reaching its verdict the jury had before it the opinions of plaintiff’s experts setting forth their theory of the manner in which the collision in question occurred. It also had before it for consideration a contrary version of the manner in which the collision occurred as expressed in the opinion testified to by defendant’s expert. The jury was free to adopt the conclusions reached by those experts whose opinions appeared to be most valid based upon the physical evidence adduced at the trial. It is therefore our conclusion that the trial court’s error in overruling plaintiff’s objection to the hypothetical question propounded to defendant’s expert witness was harmless and could not in any manner have affected plaintiff’s right to a fair consideration of her case by the jury. Because of these reasons reversal of the judgment cannot be justified.[4] The judgment appealed is accordingly affirmed
WIGGINTON, Acting C. J., and STUR-GIS and RAWLS, JJ., concur.

. F.S. Sec. 320.59, F.S.A.

. Atlantic Coast Line Railroad Company v. Shouse, 83 Fla. 156, 91 So. 90.

. 2 Jones on Evidence, Fifth Ed., §§ 417-421, pp. 786-796; 2 Underhill’s Criminal Evidence, Fifth Ed., § 309, p. 776; 20 Am.Jur. — Evidence—§ 791, p. 665.

. F.S. § 54.23, F.SA.