691 So.2d 1197 (1997)
Anthony ZECCHINO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3962.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
*1198 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from appellant's conviction of first-degree murder. We reverse and remand for new trial solely because of prosecutorial error which was harmful in nature. There are a number of issues raised by appellant but we conclude that only one is persuasive; namely, the introduction of witness opinion evidence of appellant's guilt over timely objection.
This was a circumstantial evidence case involving the shooting death of the roommate of appellant's ex-girlfriend. Properly admitted evidence provided both motive and opportunity for the shooting at appellant's hand. Appellant's ex-girlfriend, who learned of the shooting while at work, came to the residence after the shooting occurred and spoke to the investigating detective. During trial, the prosecutor led this witness right into the error:
[Prosecutor]: Did you tell Detective Palmer who you thought hadwhat if anything did you you [sic] tell Detective Palmer?
[Defense Counsel's objection is overruled.]
[Prosecutor]: What did you tell Detective Palmer?
[Witness]: The fact that Mr. Zecchino threatened me to harm all of us in the house and at that point I had told Detective Palmer that I believed at that point that since he had threatened me, that was the only possible thing that could have happened.

(Emphasis added).
Next, the prosecutor led the detective into the same quagmire:
[Prosecutor]: Would you describe to the members of the jury how [appellant's ex-girlfriend], how her appearance was when you contacted her there at the scene that morning?
[Detective Palmer]: She was upset, excited.
[Prosecutor]: And what if anything did you say to her?
[Detective Palmer]: I tried to calm her down. I said, you know, I'm the detective in this case, and she made immediate response to me about who had done it.

[Prosecutor]: What did she say to you?
[Defense Counsel's objection is overruled.]
[Prosecutor]: What did you [sic] she say to you at the scene?

[Detective Palmer]: Her initial response to me was that the person reasonable for me [sicresponsible] was Anthony Zecchino. She gave me his address, his phone number in New Jersey.
[Prosecutor]: What did she say to you?
[Detective Palmer]: She says it's Anthony Zecchino. He's my ex-boyfriend.

(Emphasis added).
It is clear that error is occasioned where a witness, including a lay witness, is permitted to offer her opinion about the guilt of the defendant. See Murphy v. State, 642 So.2d 646, 647 (Fla. 4th DCA 1994) (lay witness); Gibbs v. State, 193 So.2d 460, 463 (Fla. 2d DCA 1967) (lay witness); see also Glendening v. State, 536 So.2d 212, 221 (Fla.1988), cert. denied 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989) (expert witness). As the supreme court explained in Glendening, "[a]lthough section 90.703 ["Opinion on Ultimate Issue"] would appear to permit such an opinion, such testimony is precluded on the basis of section 90.403 ["Exclusion on Grounds of Prejudice or Confusion"]. Any probative value such an opinion may possess is clearly outweighed by the danger of unfair prejudice." Glendening, 536 So.2d at 221. While this court has held in Farley v. State, 324 So.2d 662 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla.1976), that such evidence may be harmless error, in this circumstantial evidence case where identity was at issue, it cannot be said to be such.
GLICKSTEIN and KLEIN, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.