POLEN, Judge.
Pierre Henry appeals his judgment and sentence following a jury verdict finding him guilty of robbery. We reverse on Henry’s first issue regarding the admission of certain testimony, and remand for a new trial. Our disposition of this first point on appeal makes it unnecessary to address the other points raised.
Henry was charged with robbery after being identified by Joshua Claud, a Palm Beach Gardens High School student, who claimed Henry took a gold chain from him at the school. At trial Joshua Claud testified he had a half-day of school on February 21, 1996, and was dismissed around the noon hour. He had plans to go to lunch with his mother, Rita Claud, who was meeting him in a parking lot by the tennis courts behind the school. As Joshua left school, he walked down a pathway next to the tennis courts where he allegedly observed Henry who approached and yanked the gold chain off Joshua’s neck. Joshua ran to his mother’s car and told her what happened, at which point his mother began to describe an individual she had seen in the area. Joshua testified his mother’s description matched that of Henry.
Rita-Claud, who did not observe the alleged robbery, testified she observed Henry standing next to a vehicle containing two students, which was parked in the lot near the tennis courts. At one point Henry left the vehicle and walked into the school grounds, where he remained for a moment or two before walking back out to the parking lot. Henry got into the vehicle with the two other boys and all three began laughing. Henry then left the vehicle again and returned to the school grounds.
During direct examination, the prosecutor asked Rita Claud: “Do you have any doubt that this [Henry] is the person who robbed your son?,” and Claud answered “No.” Defense counsel objected and the prosecutor apologized. At the conclusion of the state’s re-direct examination the prosecutor again asked, over objection, whether Claud had “any doubts that we are here charging the wrong person.” Claud answered she had no doubt at all.
Defense counsel appropriately objected to Rita Claud’s testimony as calling for a legal conclusion regarding the guilt of the accused. “It is clear that error is occasioned where a witness, including a lay witness, is permitted to offer her opinion about the guilt of the defendant.” Zecchino v. State, 691 So.2d 1197 (Fla. 4th DCA 1997). Henry’s due process right was violated when the court allowed Ms. Claud to invade the province of the jury and express her opinion regarding Henry’s guilt, not once, but twice. While the admission of such evidence may be harmless, this case turned on identification with Joshua Claud’s testimony in direct conflict to that of Henry. Rita Claud’s testimony could have been used by the jury to improperly bolster Joshua Claud’s testimony, thus increasing the likelihood the error was harmful. See Bass v. State, 547 So.2d 680 (Fla. 1st DCA 1989) (stating improper prose-cutorial comment which may be harmless in one setting may become prejudicially harmful in a two witness “swearing match” where there is little or nothing to corroborate the testimony of the witnesses).
Although unnecessary for our determination, we note the--state concedes the trial court erred in imposing discretionary costs, including the costs of prosecution and costs for municipal or county criminal justice education, without oral pronouncement or determination of ability to pay.
REVERSED AND REMANDED.
DELL and STEVENSON, JJ., concur.