WARNER, C.J.
Appellant challenges his convictions and sentences for both first and second degree murder of a mother and her child. He claims that the evidence was insufficient to convict him, that the trial court erroneously denied a defense challenge for cause, that a state witness was improperly allowed to testify as to her opinion of appellant’s guilt, and that the prosecutor’s closing argument entitles him to a new trial. We affirm as to all issues.
According to the state’s case, the victims were murdered in the apartment which appellant shared with them sometime prior to midnight on October 19, 1992, before appellant left for work in the early morning hours. Appellant’s theory of defense was that someone else committed the murders between the hours of 3:30 a.m. when he left the apartment, and 6:30 a.m. when he returned.
During voir dire, appellant directed a challenge for cause to Juror Jackson, a retired police officer, who had expressed certain preconceptions regarding police arrests. In response to a question he told the court that he had never witnessed an officer arresting the wrong person, although he did admit that it happens sometimes. When specifically asked whether he would give a police officer’s testimony the benefit of the doubt on account of the officer’s occupation, Jackson responded in the negative and explained that he would have to weigh the testimony.
In Gore v. State, 706 So.2d 1328, 1332 (Fla.1997), cert. denied, — U.S. -, 119 S.Ct. 212, 142 L.Ed.2d 174 (1998), the court explained that a trial court has great discretion when deciding whether to grant or deny a challenge for cause based on juror incompetency. An appellate court should affirm a decision to deny a challenge for cause if there is record support for the decision. See id. As in the instant case, the jurors in Gore were challenged for cause based on their biases and prejudices. The court stated that although the jurors had expressed biases and prejudices, each had also stated that they could be fair and follow the law. See id. Because the trial court was in a better position to gauge the credibility of the juror’s answers, the supreme court refused to reverse. See id. Similarly, while Juror Jackson expressed certain preconceptions based on his previous police work, he also stated that he could ultimately set those preconceptions aside and follow the judge’s instructions on the law in light of the evidence presented and that he would not give the testimony of a police officer the benefit of the doubt just because the witness was an officer. We will not substitute our judgment for that of the trial court who was able to judge the credibility of the juror’s responses.
Appellant also claims that the trial court erred in denying his motion for judgment of acquittal because insufficient circumstantial evidence was presented to rebut his reasonable hypothesis of innocence that someone else perpetrated the crimes. This case took over one month to try and consisted of the testimony of over thirty witnesses. There were no eyewitnesses to the crime, and the evidence was entirely circumstantial. Without going into all of the facts, timing was a critical issue in the case, with the appellant claiming that the victims were alive when he left for work around 3:30 in the morning but were dead when he returned home three hours later.
Once again, we must reiterate the standard upon which the trial court may grant a judgment of acquittal in a circumstantial evidence case:
if the state does not offer evidence which is inconsistent with the defendant’s hypothesis, “the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.” [Lynch v. State,] 293 So.2d [44] at 45 [(Fla.1974)]. The state’s evidence would be as a matter of law “insufficient to warrant a conviction.” Fla.R.Crim.P. 3.380.
*549 It is the trial judge’s proper task to revieiv the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
State v. Law, 559 So.2d 187, 189 (Fla.1989) (emphasis supplied)(footnote omitted). The scientific evidence presented in this case overwhelmingly rebutted and overcame appellant’s theory of innocence. Appellant conceded that he was in the apartment until 3:30 a.m. The medical examiner’s thorough testimony regarding lividity [skin color], rigidity of the bodies, body temperature, and stomach contents placed the victims’ deaths sometime well before 3:30 a.m. Furthermore, his testimony describing the consistency and dryness of the blood evidence refuted appellant’s theory that the murders had taken place shortly before his return from work at 6:30 in the morning. Because of the medical evidence, the cases cited by appellant are all distinguishable. The state’s evidence was inconsistent with the appellant’s version of events, and the trial court correctly denied the motion for judgment of acquittal.
As to appellant’s claim that a witness improperly gave her opinion that appellant was guilty such that a mistrial was warranted, we find that even if her statement was error, it was cured by the trial court’s extensive and detailed curative instruction. While appellant supports his claim with citation to Zecchino v. State, 691 So.2d 1197, 1198 (Fla. 4th DCA 1997), the case is distinguishable because in Zec-chino the prosecutor encouraged the witness to offer an opinion on the guilt of the accused, and the defense’s objection to the testimony was overruled. In the instant case, the opinion from the witness appears to have been a surprise response to a question from the 'prosecutor, the trial court immediately sustained the objection, gave two extensive curative instructions (one of which was composed by defense counsel), and the matter was not mentioned again. The trial court appropriately handled the matter and did not abuse its discretion in denying the motion for mistrial. See Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997), cert. denied, — U.S. -, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998).
Finally, prior to the commencement of closing argument, defense counsel asked the court to allow him to defer making a contemporaneous objection to any objectionable matters in the prosecutor’s closing argument until its conclusion. We have already held that such standing objections are not permitted. See Goutis v. Express Transp., Inc., Div. of F.V. Miranda, Inc., 699 So.2d 757, 764 (Fla. 4th DCA 1997), rev. dismissed, 705 So.2d 901 (Fla.1998). There must be an objection at the time objectionable remarks are made in closing argument. See Murphy v. International Robotics Sys., Inc., 710 So.2d 587, 589 (Fla. 4th DCA), rev. granted, 722 So.2d 193 (Fla.1998). This is to allow the trial court to immediately cure any error. While a motion for mistrial may be reserved, objectionable material must be excised from the juror’s consideration immediately.
Despite the error in procedure, the state agreed to the reservation of objections. However, even if we were to consider the objections to the argument properly pre *550 served, we have reviewed them all and conclude that they were fair comments on, or inferences from, the evidence which the state presented at trial. See Mann v. State, 603 So.2d 1141, 1143 (Fla.1992), cert. denied, 506 U.S. 1085, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993).
For the foregoing reasons, we affirm appellant’s convictions and sentences.
GUNTHER and STEVENSON, JJ., concur.