881 So.2d 724 (2004)
William CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2083.
District Court of Appeal of Florida, First District.
September 15, 2004.
*725 Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Clark appeals from a judgment and sentence for robbery, a second degree felony, pursuant to section 812.13(2)(c), Florida Statutes. Appellant asserts that the trial court erred by not granting his motion for mistrial when a State witness accused defense counsel of obstructing justice and lying to her. We agree and reverse.
*726 Appellant, William Clark, worked as a night auditor and desk clerk at Days Inn. Anil Gadhia who managed the Days Inn testified there was a shortage of $190 on Clark's shift and deducted the amount from Clark's last paycheck. According to Gadhia, when Clark came to get his paycheck, Clark got upset and demanded his $190. Clark left Gadhia's office, and Gadhia then heard his wife screaming at the front desk that Clark had taken the money. When Gadhia came out of his office, Clark hit him and left. Mrs. Gadhia testified to essentially the same facts, adding that Clark pushed her in order to get to the cash register. Mr. and Mrs. Gadhia later found $100 missing from the cash drawer.
The defense called Jackie Pompey who lived with Clark and his two children. He testified that he parked in the driveway and could see what happened at the front desk. According to Pompey, Clark went into the lobby and spoke with Mrs. Gadhia at the front desk. Pompey could tell from Clark's facial expressions that things were not going well, so Pompey went in. Clark was arguing with Mr. Gadhia about his check being short. When Pompey went in Mrs. Gadhia was already calling the police. Pompey did not see Clark hit or push either of the Gadhias, or go behind the counter to take anything out of the register.
The State called Denise Johnson, the Days Inn manager who took over from Mr. Gadhia. She brought the records of the audit for the day of the incident. The prosecutor asked Johnson if she had spoken to anyone about those records before trial, and she replied, "[Defense counsel] had called me at the hotel four or five times yesterday and specifically instructed me if I had these records not to bring them." Defense counsel objected and stated, "That's not true." On cross-examination defense counsel asked Johnson to explain some of the records she brought to trial. Once again Johnson said defense counsel told her not to bring the records. Then Johnson said, "This man has lied to me so many times," referring to defense counsel.
Several minutes later (less than two pages later in the transcript) at the end of the testimony from the same witness, counsel moved for a mistrial based on the prejudicial remarks, clearly satisfying the contemporaneous objection rule. See Cole v. State, 866 So.2d 761, 763 (Fla. 1st DCA 2004) (citing Nixon v. State, 572 So.2d 1336, 1340-1341 (Fla.1990) ("a motion for mistrial need not be made in the next breath following the objection to the offensive remark.")). Twice during this discussion concerning a mistrial the court stated, "I'm not going to grant a mistrial." Several minutes later during the testimony of another witness (less than ten pages later in the transcript), defense counsel specifically asked for a curative instruction.[1] At the close of the evidence counsel again renewed his motion for a mistrial.
Attacks by the prosecutor on defense counsel are highly improper and impermissible. Lewis v. State, 780 So.2d 125 (Fla. 3d DCA 2001). Such improper comments include inferences of manipulation of the evidence. Id. at 130; see also Redish v. State, 525 So.2d 928 (Fla. 1st DCA 1988) (disapproving prosecutor's reference *727 to defense's "cheap tricks"). Such remarks imply that defense counsel must resort to inappropriate tactics because of the guilt of the defendant or that defendant should be found guilty by association. In the instant case Ms. Johnson's testimony alleges a specific attempt at manipulation of evidence. The testimony further implies that defense counsel cannot be believed because of his numerous lies. Such testimony is clearly prejudicial to the defense.
The State argues that because the improper comments came from a witness rather than the prosecutor, reversal is not mandated. Improper comments of a witness which result in prejudice to a defendant, however, may result in reversal of a conviction. Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990); Elliott v. State, 590 So.2d 538 (Fla. 2d DCA 1991). Not every inadvertent comment of a witness will result in a reversal.[2] Nevertheless, the circumstances in this case do mandate reversal. The statements by the witness were highly inflammatory; the statements were made under oath on two separate occasions, one involving a heated exchange between defense counsel and the witness; the trial judge failed to give a curative instruction; and there was conflicting testimony concerning appellant's guilt. Therefore, we are unable to say appellant received a fair trial, and we are constrained to find that the trial court abused its discretion by not granting a mistrial or at the very least giving an appropriate curative instruction.[3]
Reverse and remand for a new trial.
BROWNING, J., concurs; HAWKES, J., dissents with opinion.
HAWKES, J., dissenting.
I respectfully dissent. In my opinion, the trial court did not abuse its discretion by denying the motion for mistrial or by denying a curative instruction.
A ruling on a motion for mistrial rests within the sound discretion of the trial court, and should be granted only when necessary to ensure the defendant receives a fair trial. See Israel v. State, 837 So.2d 381, 388 (Fla.2002).
In Israel, a witness referred to a conversation in which the defendant talked about committing crimes in addition to the one for which he was being tried. The trial court denied the defendant's motion for mistrial and refused the defense's request for a curative instruction to avoid bringing attention to the matter. See id. The Florida Supreme Court concluded the statement was not highlighted to the jury, and that the trial court was within its discretion to determine the statement did not prevent the defendant from receiving a fair trial. See id. at 389.
*728 In the case at bar, the witness testified on direct: "[Defense counsel] had called me at the hotel four or five times yesterday and specifically instructed me if I had these records not to bring them." Defense counsel's response to this comment was "I object. That's not true." Clearly, this was not a proper objection. A proper objection would have been to state, "I object, non-responsive, move to strike." Instead, defense counsel chose to argue the witness's veracity in front of the jury. Defense counsel's improper speaking objection assuredly drew more attention to the comment than a proper objection would have, and caused an argumentative exchange to take place between the witness and himself.
Two additional comments occurred when defense counsel was cross-examining the witness. The first occurred when the witness responded to a question by stating: "I brought the entire thing with me, although you advised me not to." Defense counsel again argued with the witness, in front of the jury, that he did not advise her not to bring the documents. The last comment the witness made was: "This man has lied to me so many times." Neither of these comments drew an objection from defense counsel, nor did he ask to approach or move for mistrial at that time. Instead, defense counsel highlighted the witness' testimony by arguing with her in front of the jury. Thus, a large part of any harm that may have resulted was invited by defense counsel.
Defense counsel moved for mistrial or a curative instruction twice: first, at the conclusion of the witness' testimony, and second at the close of the State's case. The trial court denied the motion for mistrial, and concluded a special instruction would highlight the comments and that the standard jury instructions addressed defense counsel's concern. The trial court instructed the jury as follows: "Remember that the lawyers in this case are not on trial. Your feelings about them should not influence your decision in this case in any way. It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom."
In my opinion, these instructions adequately dealt with the situation. We should presume the jury heeded these instructions and did not convict Appellant based on their perception of defense counsel.
Appellant argues that, because defense counsel was accused of trying to withhold evidence, it implied Appellant was guilty. If reference to the defendant's commission of additional crimes mandates neither a curative instruction nor mistrial, logic would suggest a witness' comments about the defense attorney and some documents should not mandate such extraordinary action. I would affirm.
NOTES
[1] During this discussion, the court again, for the third time, stated, "I'm not going to grant a mistrial over it." Only when faced with this emphatic declaration did counsel state, "Okay I don't want a mistrial," but he still specifically asked for a curative instruction. Counsel again moved for a mistrial based on the prejudicial statements at the close of the evidence. Under these circumstances, where counsel was clearly and continuously seeking relief based on the inflammatory statement, it is difficult to say that a voluntary waiver concerning this issue took place.
[2] For instance, one isolated comment does not entitle a defendant to a mistrial, especially when an appropriate curative instruction is given by a trial judge. See, e.g., Gudinas v. State, 693 So.2d 953 (Fla.1997); James v. State, 741 So.2d 546 (Fla. 4th DCA 1999). The denial of a mistrial is also not error where the inadvertent remark does not become a focus of the trial or is not directly material to disputed issues. Cole v. State, 701 So.2d 845 (Fla.1997). Such inappropriate comments also may not require a new trial in cases of guilt where the evidence is overwhelming. Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998); Cox v. State, 819 So.2d 705 (Fla.2002).
[3] The dissent argues that the standard instruction given regarding a juror's feelings toward the lawyers and the lawyers talking to witnesses sufficiently addressed the inflammatory comments. The standard instruction addresses normal lawyer conduct before and during the trial, but it does nothing to address sworn testimony from the witness stand (objections to which were overruled and testimony which was allowed to remain in the record) concerning counsel's attempt to illegally suppress evidence.