ROTHENBERG, Judge.
 

 The defendant, Lazaro Sanchez, appeals his convictions and sentences for attempted burglary of an unoccupied structure, a CVS store, and criminal mischief of $200 or less — damage to CVS’s property. For the reasons that follow, we find no reversible error and, therefore, affirm.
 

 The defendant raises several issues pertaining to his confession at the police station to the crimes charged, after Detective Rosario read the defendant his
 
 Miranda
 
 rights, the defendant acknowledged that he understood his rights, and he agreed to speak to Detective Rosario. In his state
 
 *606
 
 ment, the defendant admitted he pried open the back door of the CVS store with a crowbar, he entered the store, began to swing at the alarm panel, and fled when the alarm rang.
 

 The defendant filed a motion to suppress his statements, which provides in pertinent part: “Coercive measures and impropriety were used, compelling the defendant to involuntarily confess to the crime charged in violation of the defendant’s privilege against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution and Article I, § 12, of the Florida Constitution.” The trial court struck the motion, finding that it was legally insufficient for failing to comply with Florida Rule of Criminal Procedure 3.190(h)(2).
 

 The defendant contends that the trial court abused its discretion by striking his motion, and argues that the trial court should have entertained the motion as the trial court had already heard the arresting officer’s testimony regarding the defendant’s confession at a previously held evi-dentiary hearing on the defendant’s motion to suppress the physical evidence. We disagree.
 

 Rule 3.190(h)(2) provides that “[e]very motion made by a defendant to suppress a confession or admission
 
 shall identify with particularity
 
 any statement sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.” (emphasis added). A review of the defendant’s motion to suppress his statements confirms the trial court’s finding that the motion failed to comply with rule 3.190(h)(2).
 
 [1]
 
 As the motion was legally insufficient, we conclude the trial court acted within its discretion by striking the motion and not conducting a hearing. We also note that after the trial court struck the defendant’s motion to suppress his statements, the defendant did not attempt to file a legally sufficient motion.
 
 [2]
 

 Next, the defendant contends his confession was inadmissible because he previously had invoked his
 
 Miranda
 
 rights while being taken into custody. However, a review of the record before this Court demonstrates that, although Detective Rosario advised the defendant of his
 
 Miranda
 
 rights while taking the defendant into custody, the defendant did not invoke his right to remain silent under
 
 Miranda.
 
 Rather, the defendant did not respond to Detective Rosario’s questions as to whether he understood his
 
 Miranda
 
 rights. More importantly, the defendant did not state that he wanted to remain silent, did not want to talk to the police, or wanted an attorney. In
 
 Berghuis v. Thompkins,
 
 — U.S. - , -, 130 S.Ct. 2250, 2259, 176 L.Ed.2d 1098 (2010), the United States Supreme Court rejected Thompkins’ argument that he invoked his right to remain silent “by not saying anything for a sufficient period of time” after being advised of his
 
 Miranda
 
 rights. In doing so the Court stated:
 

 
 *607
 
 Thompkins did not say that he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his right to cut off questioning. Here he did neither, so he did not invoke his right to remain silent.
 

 Berghuis,
 
 130 S.Ct. at 2260 (citations omitted; internal quotations omitted). Accordingly, we conclude that the defendant did not invoke his right to remain silent, or any other right under
 
 Miranda,
 
 by initially failing to respond to Detective Rosario’s questions when he took the defendant into custody and advised him of his
 
 Miranda
 
 rights.
 

 The defendant also contends the trial court reversibly erred by admitting evidence of his involvement in other crimes, wrongs, or acts, in violation of the trial court’s pretrial ruling on the defendant’s motion in limine. Specifically, he claims that several statements made during Detective Rosario’s testimony violated the trial court’s ruling on his motion in limine. We address only two of the objectionable statements, concluding the remaining claims do not merit discussion.
 

 The first eomplained-of statement occurred while defense counsel was cross-examining Detective Rosario as to his interrogation of the defendant prior to his confession.
 

 [Defense Counsel]: You got up in his face and you kept asking him, Tell me, give me something, come on, just give me something. You presented him with the CVS address, and you said, Just tell me you were having a bad day.
 

 [Detective Rosario]: That’s incorrect.
 

 [Defense Counsel]: You promised him that you’d talk to the State about taking it easy on him, didn’t you?
 

 [Detective Rosario]: It was not a promise, no.
 

 [Defense Counsel]: Okay. Well, tell us what it was?
 

 [Detective Rosario]: This is part of a big investigation that includes other burglaries.
 

 [Defense Counsel]: Objection, Your Honor.
 

 [Trial Court]: Overruled.
 

 [Detective Rosario]: That’s what you asked.
 

 [Trial Court]: You asked for an explanation.
 

 [Defense Counsel]: Your Honor.
 

 [Trial Court]: Let’s go. You may explain.
 

 [Defense Counsel]: Your Honor, I move to strike the question.
 

 [Trial Court]: Denied.
 

 [Detective Rosario]: This is part of a big investigation where it involved other burglaries, and we — if he cooperates, we can go ahead and, you know, work with him. That’s what I talked to him about if he’d, you know.
 

 [Defense Counsel]: And, in fact, you told him that you were gonna arrest his brother, didn’t you?
 

 [Detective Rosario]: That’s part of an ongoing investigation which—
 

 [Defense Counsel]: An ongoing investigation?
 

 [Trial Court]: Let him finish his answer please.
 

 [Detective Rosario]: Which that could very well happen.
 

 [Defense Counsel]: You suspect Ger-aldo Sanchez? [
 
 3
 
 ]
 

 
 *608
 
 [Defense Counsel]: Objection — move to strike that, Your Honor. Let me rephrase.
 

 [Defense Counsel]: You had set up surveillance and had been investigating Geraldo Sanchez, and you knew that he had worked at Carmax. Isn’t that true.
 

 [Detective Rosario]: Yes.
 

 [Defense Counsel]: And you had set up surveillance at his house like you testified earlier before?
 

 [Detective Rosario]: That’s correct.
 

 [Defense Counsel]: And you knew that the car that Geraldo Sanchez was [sic] and that Lazaro Sanchez was found in was actually rented to Geraldo Sanchez?
 

 [Detective Rosario]: We did not know at that time.
 

 [Defense Counsel]: Well, it’s in your report, isn’t it?
 

 [Detective Rosario]: We did not know at that time.
 

 [Defense Counsel]: But it is in your report that Geraldo Sanchez rented that vehicle.?
 

 [Detective Rosario]: We found that after he was arrested.
 

 [Defense Counsel]: So you concluded that it was Geraldo Sanchez’s vehicle. You saw Geraldo Sanchez with these tools and this bag ahead of time?
 

 [Detective Rosario]: That’s incorrect, I did not observe him with the bag. [FBI] Agent Schere—
 

 [Defense Counsel]: I’m sorry, I’ll rephrase. Tony Schere had told you he that [sic] had seen Geraldo Sanchez with these tools ahead of time?
 

 [Detective Rosario]: Correct.
 

 [Defense Counsel]: And in your interrogation Geraldo Sanchez won’t say anything?
 

 [Detective Rosario]: Yes.
 

 [Defense Counsel]: And you tell Lazaro Sanchez, Come on, just give me tell me something, just tell me something or else I’m going to have to arrest your brother?
 

 [Detective Rosario]: It wasn’t necessarily worded that way.
 

 This colloquy reflects that Detective Rosario did not testify or insinuate that the defendant was being investigated for the other burglaries. In fact, Detective Rosario emphasized that it was the defendant’s brother, Geraldo Sanchez, who was the target of the surveillance and the individual being investigated for the other burglaries. Thus, we conclude the comment did not violate the motion in limine. However, even if we had concluded that Detective Rosario’s statements violated the motion in limine, we nonetheless would affirm based on the invited-error doctrine because Detective Rosario’s statements were in response to defense counsel’s specific questions.
 
 See Norton v. State,
 
 709 So.2d 87, 94 (Fla.1997) (“[A] party may not invite error during the trial and then attempt to raise that error on appeal.”);
 
 Czubak v. State,
 
 570 So.2d 925, 928 (Fla.1990) (“Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.”);
 
 Buggs v. State,
 
 640 So.2d 90 (Fla. 1st DCA 1994) (holding that arresting officer’s objectionable comment during cross-examination was invited error because the objectionable comment was in response to defense counsel’s question).
 

 The second complained-of statement occurred when Detective Rosario responded to a juror’s question which was read to the jury by the trial court. Following re-cross examination, the trial court informed the jurors that they would be permitted to write down questions they wanted to ask Detective Rosario. After receiving the questions, the trial court reviewed the questions with the prosecutor and defense counsel and they determined
 
 *609
 
 which questions should be asked of the witness. The trial court, without objection by defense counsel, read the following question to Detective Rosario: “Why was the vehicle[
 
 4
 
 ] stopped just for driving erratically by a burglary detective or an FBI agent — and an FBI agent? Why was the vehicle stopped just for, comma [sic] — just for driving erratically by a burglary detective and FBI agent?” In response, Detective Rosario responded, “It was — probable cause existed to arrest the defendant on another crime.” Defense counsel timely objected, the trial court sustained the objection, and stated that it would address the matter later. Shortly thereafter, during a jury break, the trial court addressed Detective Rosario’s response with the attorneys.
 

 [Trial Court]: I’d like to address an objection that was raised by the defense ....
 

 [[Image here]]
 

 [Trial Court]: When I asked one of the juror’s questions about why the vehicle was stopped just for driving erratically by a burglary detective and FBI agent, there was a discussion sidebar regarding what the fears that some people may have had regarding what the incident might have been — and I’m not sure exactly what was discussed sidebar — but I was allowed to ask the question. But I remember thinking that the officer was going to say because he was a person of interest.
 

 [Defense Counsel]: Pursuant to an ongoing investigation.
 

 [Trial Court]: Pursuant to an ongoing investigation, yes. But instead he said because he had probable cause as to another case, and that does concern me. I’m wondering if the defense is likewise concerned and what the issue might be.
 

 [[Image here]]
 

 [Defense Counsel]: At this point, you know, I would ask that the jury be — we move to strike that statement and it be disregarded by jury.
 

 [Trial Court]: Tell them that there is no other case. For them this is the only case they’re to be thinking about?
 

 [Defense Counsel]: Yes, yes.
 

 [State]: The State’s only—
 

 [Trial Court]: You heard evidence of an ongoing investigation; however, the evidence that you’re to consider should be limited strictly to the events regarding this case. Something like that?
 

 [Defense counsel]:
 
 I think that’s outstanding.
 

 [Trial Court]: You heard evidence of an ongoing investigation, but your job is to determine whether the State has proved this case beyond a reasonable doubt. This is the only matter at issue. Anything else to make it very clear? You heard evidence of an ongoing investigation, but your job is to determine whether the State has proven this case beyond a reasonable doubt. There are no other issues for you to consider.
 

 [State]: Yes.
 

 [Trial Court]: —regarding any potential other investigation, investigation matters, okay.
 

 [State]: Your Honor.
 

 [Trial Court]: Does that sound decent enough for the defense or correct it.
 

 [Defense Counsel] It’s out there, I mean, I guess, you know.
 

 [[Image here]]
 

 [Trial Court]: No, it’s the defendant’s liberty on the line. So let the defendant and his lawyers decide which way they want to do this with the corrective instruction. ...
 

 
 *610
 
 (emphasis added). Thereafter, the trial court gave the jury the following curative instruction, which the jurors acknowledged they understood:
 

 Before the closing arguments, I will instruct you on something that we’ve agreed to tell you and that is that you heard evidence of an ongoing investigation but your job is to determine whether the State has proven this case beyond a reasonable doubt or not. There are no other issues for you to consider regarding any other possible investigations. Do you all understand?
 

 This colloquy demonstrates that the attorneys and the trial court agreed that Detective Rosario’s answer to the question was objectionable, and we also agree. We also conclude that, although defense counsel did not object to the detective answering the jury’s question, defense counsel did no.t invite the objectionable answer because it is clear the lawyers and the trial court did not.expect the answer they received.
 

 Although we agree that the detective’s response was improper,
 
 see
 
 § 90.404(2)(a), Fla. Stat. (2010);
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959); we find that the error was not properly preserved for appellate review because defense counsel failed to move for a mistrial after the objection was sustained, and agreed to the course of action taken by the trial court. The record reflects that when the objectionable comment was made, defense counsel objected and moved to strike the answer. The trial court sustained the objection, and on its own, offered to give the jury a curative instruction. The wording of the proposed instruction was discussed with the prosecutor and defense counsel, and defense counsel specifically approved the curative instruction, stating,
 
 “I
 
 think that’s outstanding.” At no time did defense counsel move for a mistrial or argue that the error was not cured by the curative instruction given. Because the error was not preserved and it was not fundamental error, we affirm the judgment and sentence.
 
 See Salazar v. State,
 
 991 So.2d 364, 381 (Fla.2008) (holding that an improper statement during closing argument was preserved for appellate review where “trial court sustained the objection and defense counsel responded by moving for a mistrial, which was denied by the trial court”);
 
 James v. State,
 
 695 So.2d 1229, 1234 (Fla.1997) (holding that claim of error was properly preserved for appellate review where defense counsel “makes a timely specific objection and moves for a mistrial”) (quoting
 
 Spencer v. State,
 
 645 So.2d 377, 383 (Fla.1994));
 
 Malcolm v. State,
 
 415 So.2d 891, 892 (Fla. 3d DCA 1982) (holding that defendant preserved for appellate review
 
 Williams-m\e
 
 violation where “prior to taking of testimony, defense counsel timely moved to ‘strike’ or exclude evidence of any criminal activity other than that charged in the information and that, at the end of the trial, he unsuccessfully moved for a mistrial”).
 

 Affirmed.
 

 [1]
 

 . The defendant’s appellate counsel acknowledges that the motion "appears to be a boilerplate motion."
 

 [2]
 

 . The defendant urges this Court to review his claim that trial counsel rendered ineffective assistance of counsel by failing to file a legally sufficient motion to suppress his statements. Appellate counsel acknowledges that such claims are generally not reviewable on direct appeal, but argues this case falls under the exception to the general rule — trial counsel's deficient performance and the resulting prejudice to the defendant are apparent on the face of the record.
 
 See Rios
 
 v.
 
 State,
 
 730 So.2d 831, 832 (Fla. 3d DCA 1999). Based on the record before this Court, although the motion was clearly legally insufficient, we cannot determine from the face of the record whether the defendant was prejudiced.
 

 [3]
 

 . Geraldo Sanchez is the defendant’s brother, who was also arrested along with a third individual.
 

 [4]
 

 . It was undisputed the vehicle was being driven by Geraldo Sanchez and that the defendant was a passenger.