WALSH, LISA S., Associate Judge.
The Defendant appeals his conviction and sentence for trafficking in oxycodone in violation of Section 893.135(l)(c)l.a., Florida Statutes (2009). We affirm.
At trial, it was undisputed that the Defendant was stopped by the police, searched, and found in possession of a cod liver oil bottle containing 118' oxycodone pills. The Defendant presented evidence that he did not know that the pills were oxycodone, and that he took the pills from his friend who was combining prescription medication with alcohol and marijuana. The Defendant claimed that he placed the pills in half of a ripped envelope and stuffed them in a cod liver oh bottle because he could not find the cap to the prescription bottle. In rebuttal, the arresting officer testified that the 118 pills were evenly split between two ripped halves of an envelope inside the bottle, a fact which suggested they were packaged for sale.
On appeal, the Defendant raises two issues. First, he argues that he was denied a fair trial when the prosecution elicited testimony that he committed an unrelated crime on the night of his arrest. Second, the defendant challenges the constitutionality of Section 893.135, Florida Statutes.
With regard to the first issue, the Defendant moved in limine to exclude any mention of the reason for his stop and arrest. The parties stipulated that the following instruction be read to the jury:
TRIAL COURT: ... [Ljadies and gentlemen, I’m going to read to you a stipulation as to certain facts that have been agreed to by the parties. You are instructed, members of the jury, that the stop and search of the Defendant ... by the officers was legal and valid. The reason for that stop has nothing to do with this case and you should not be concerned about it or speculate about it. You may proceed.
Thereafter, the Prosecutor questioned the arresting officer as follows:
STATE: When you made contact with [Defendant] did you place him under arrest?
OFFICER: Yes, sir.
DEFENSE COUNSEL: Objection.
THE COURT: The objection is sustained. Members of the jury, you are again instructed that the stop and *1026 search of [Defendant] was legal and valid and you should not be concerned about or speculate about the reason for that. It has nothing to do with this case. You should disregard the last question and draw no inference from it.
STATE: My apologies.
Defense counsel did not move for mistrial or object to the sufficiency of the trial court’s curative instruction.
During cross-examination of the officer, defense counsel questioned the officer as follows:
DEFENSE COUNSEL: Officer, did you see any drug transaction involving [Defendant] on the evening in question?
OFFICER: On the evening in question?
DEFENSE COUNSEL: Yes.
OFFICER: No, ma’am.
Defense counsel continued with his cross-examination and did not object, move for a curative instruction, or move for a mistrial. In closing, the prosecutor made no mention of the Defendant’s initial arrest or any reason for the stop or initial search.
The Defendant argues that the trial court improperly admitted evidence of collateral crimes. Because this issue was not properly preserved for appellate review, does not constitute fundamental error, and the second comment was invited by the Defense, we affirm.
Any error occasioned by the officer’s two statements was not preserved because the Defendant did not move for a mistrial after the trial court sustained his objection to the initial comment and failed to contemporaneously object to the second comment. “[T]o preserve a claim based on improper comment, counsel has the obligation to object and request a mistrial. If counsel fails to object or if, after having objected, fails to move for a mistrial, his silence will be considered an implied waiver.” See Nixon v. State, 572 So.2d 1336, 1340 (Fla.1990); Perez v. State, 964 So.2d 744, 744 (Fla. 2d DCA 2007).
Unpreserved error is reviewed for fundamental error. “Fundamental error is defined as error that ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Rimmer v. State, 825 So.2d 304, 323 (Fla.2002) (quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)).
Turning to the first comment, the police officer’s statement that the Defendant was arrested could reasonably have been interpreted by the jury as a reference to the Defendant’s arrest for the trafficking charge, rather than a separate law violation. Further, the trial court immediately repeated the same stipulated curative instruction to the jury that the initial stop and search were legal and valid, and that the jury should not speculate about the reason. No mention of this testimony was made in closing argument and it did not become a feature of the trial. Accordingly, this comment does not constitute fundamental error.
 Turning to the second comment, in merely repeating the same question asked by defense counsel during cross-examination, the officer’s comment was elicited by the defense. If this alleged error were preserved, we would affirm based upon the invited error doctrine. Sanchez v. State, 81 So.3d 604, 608 (Fla. 3d DCA 2012) (because detective’s comments were in response to defense counsel’s questions on cross-examination, defendant invited error and may not complain of error on appeal). Further, this relatively innocuous comment merely repeating the same question asked by defense counsel did not constitute fundamental error.
*1027 In his second issue, the Defendant argues that his conviction for trafficking in oxycodone should be reversed because Section 893.135, Florida Statutes (2009), is facially unconstitutional in that Section 893.101, Florida Statutes (2009), eliminated mens rea as an element of felony drug offenses. We affirm. State v. Adkins, 96 So.3d 412 (Fla.2012); Kennedy v. State, 82 So.3d 179, 180 (Fla. 4th DCA 2012); Maestas v. State, 76 So.3d 991, 993 (Fla. 4th DCA 2011).

Affirmed.

STEVENSON and CIKLIN, JJ„ concur.