DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**ALICIA MEDINA,**
Appellee.

No. 4D19-954

[July 1, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 16-012302 CACE.

Paulo R. Lima and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Rand Ackerman of Green, Ackerman & Matzner, P.A., Boca Raton, for appellant.

Andrew H. Harris and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, and Yeemee Chan of Steinger, Greene & Feiner, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Alicia Medina ("Plaintiff") sued State Farm Mutual Automobile Insurance Company ("State Farm") for underinsured motorist benefits because of personal injuries she sustained in an automobile accident. A jury rendered a defense verdict, finding that the accident was not the legal cause of Plaintiff's injuries.

The trial court set aside the jury's verdict and ordered a new trial based on multiple alleged instances of misconduct by defense counsel and a defense expert witness. State Farm appeals the trial court's order granting Plaintiff a new trial. Finding that most of the instances of misconduct referenced in the new trial order were either not improper, unpreserved, or not so prejudicial to warrant a new trial, we reverse the order and remand for entry of final judgment consistent with the jury's verdict.

**Background**

While stopped at a red light, Plaintiff's vehicle was struck in the rear in a chain-reaction accident. Plaintiff claimed she sustained permanent injuries to her lower back because of the accident. Although Plaintiff described the impact as "very strong," the evidence at trial established that it was a low-impact accident with little physical damage to Plaintiff's vehicle. Plaintiff's doctors and experts testified that the injury was caused by the accident. State Farm's expert testified that the injury was due to age-related degenerative changes as Plaintiff was 54 years old at the time of the accident.

At the conclusion of the trial, the jury rendered a defense verdict, finding that the accident was not the legal cause of Plaintiff's injuries. Plaintiff sought a new trial based on several purported errors by defense counsel and a defense expert witness. She did not claim that the verdict was against the weight of the evidence. The trial court granted Plaintiff a new trial on the basis of cumulative error and the following four instances of alleged misconduct: (1) comment by the defense expert impugning Plaintiff's counsel; (2) unpreserved comment by the defense expert that a finding in Plaintiff's expert's report was "clearly incorrect"; (3) defense counsel's question to Plaintiff whether she retained an attorney before seeking medical treatment; and (4) unpreserved comment by defense counsel in closing argument regarding State Farm's wealth.

**Analysis**

> We review a circuit court's order granting a motion for a new trial for abuse of discretion. Moreover, it takes a stronger showing of error in order to reverse an order granting a new trial than an order denying a new trial. Thus we begin with the presumption that the trial court properly exercised its discretion, and we will not disturb the trial court's ruling absent a clear abuse of that discretion. However, such orders must nevertheless be supported by the record or by findings of influence outside the record.

*Moore v. Gillett*, 96 So. 3d 933, 938 (Fla. 2d DCA 2012) (internal citations and quotation marks omitted). To the extent the trial court in the instant case granted a new trial based, in part, on an unpreserved comment in closing argument, "a new trial should be granted if the four-part test of *Murphy v. International Robotic Systems, Inc.*, 766 So. 2d 1010 (Fla. 2000), is satisfied, which is that the comments must be improper, harmful, incurable, and damage the fairness of the trial such that the public

2

interest requires a new trial." *Allstate Ins. Co. v. Marotta,* 125 So. 3d 956, 960 (Fla. 4th DCA 2013).

### a) Comment impugning Plaintiff's attorney

As the first ground, the trial court ruled that State Farm's compulsory medical examination doctor ("the defense expert") intentionally made an improper and prejudicial remark about Plaintiff's counsel during cross-examination when he said "I don't know if that's a question, but I'm not plaintiff's attorney. I don't give my opinions based on money." A review of this basis requires some background.

During cross-examination of the defense expert, Plaintiff's counsel wanted to make the point that the defense expert had a significant financial interest in testifying favorably for the defense. Over the course of nearly 12 pages of transcript, Plaintiff's counsel relentlessly and aggressively questioned the defense expert about how much he charged for this case, how many cases he had testified in, and how much money he had made over the years. This line of questioning continued even after the defense expert admitted, numerous times, to earning millions of dollars testifying as an expert. The heated exchange culminated with Plaintiff's counsel asking the following question regarding the defense expert's medical opinion in this case: "Well, I'm sure there's literally millions of reasons why you have that opinion, maybe subconsciously, right?," to which the defense expert replied "I don't know if that's a question, but I'm not plaintiff's attorney. I don't give my opinions based on money." Plaintiff's counsel objected to the comment and moved for a mistrial, which the trial court denied. Notably, in denying the motion, the trial court offered to give a curative instruction and Plaintiff declined. Notwithstanding the trial court's denial of the motion for mistrial, in its order granting a new trial the court found the comment was "clearly intended to prejudice the jury, and was so pervasive that it undermined the integrity of the entire trial."

On appeal, State Farm properly concedes the comment was "not appropriate." *See Clark v. State,* 881 So. 2d 724, 726–27 (Fla. 1st DCA 2004) (comments which attack an attorney's integrity are highly improper, including when those improper comments come from a witness rather than opposing counsel). However, it argues that the comment was not so prejudicial so as to deny Plaintiff a fair trial. We agree.

When properly preserved, a new trial should be granted where the comment was "so highly prejudicial and inflammatory that it denied the opposing party its right to a fair trial." *Engle v. Liggett Grp., Inc.,*

945 So. 2d 1246, 1271 (Fla. 2006) (quoting *Tanner v. Beck*, 907 So. 2d 1190, 1196 (Fla. 3d DCA 2005)). We find that the comment does not meet that standard. Here, the comment was said only once, was not repeated again during the remainder of the trial, and it cannot be said that Plaintiff was denied a fair trial based on this isolated comment. *See Clark*, 881 So. 2d at 727, 727 n.2 (recognizing that "[n]ot every inadvertent comment of a witness will result in reversal," especially when an appropriate curative instruction is given, the comment is not the focus of the trial, or when the evidence of guilt is overwhelming).

Moreover, although the trial court found the comment to be intentional, it is apparent from the record that the surprise comment was inadvertent and the result of extensive witness badgering on the part of Plaintiff's counsel. *See generally Baisden v. State*, 203 So. 2d 194, 198 (Fla. 4th DCA 1967) (recognizing that it is improper to badger a witness). As further evidence of the hostility and relentlessness with which Plaintiff's counsel questioned the defense expert, Plaintiff's counsel asked the defense expert the same question two more times after the comment was elicited. In response, State Farm objected to the questions as argumentative and the court *sustained* the objections. Accordingly, while the comment may well have been blurted out in anger, the comment was elicited by Plaintiff's attorney. *See James v. State*, 741 So. 2d 546, 549 (Fla. 4th DCA 1999).

### b)  Comment impugning Plaintiff's medical expert

As the second ground, the trial court found that the defense expert improperly commented on Plaintiff's medical expert's credibility and willfully violated the court's in limine order. Briefly, prior to trial, the trial court entered an order prohibiting the defense expert from commenting on other experts. In addition, prior to the start of trial, the trial court orally reiterated its order and said "[k]eep your experts from saying this was read wrong, or I disagree with this. Just have them state their opinion without commenting on the other experts." During direct examination, the defense expert responded as follows when asked about the myelopathy finding in Plaintiff's expert's report: "[y]eah, that's clearly — so, when you do the." Plaintiff's counsel objected on the basis that the comment violated the pre-trial order. Apparently, both Plaintiff's counsel and the trial judge heard the defense expert say "that's clearly wrong" even though the transcript does not reflect the word "wrong." Although the trial court sustained the objection, Plaintiff did not move for a mistrial.

"[E]xperts may not comment on the credibility of other witnesses," *Calloway v. State*, 210 So. 3d 1160, 1182 (Fla. 2017), or express an opinion as to the validity of an opposing expert's opinion, *Carlton v.*

*Bielling*, 146 So. 2d 915, 916 (Fla. 1st DCA 1962). However, "an expert may properly explain his or her opinion on an issue in controversy by outlining the claimed deficiencies in the opposing expert's methodology so long as the expert does not attack the opposing expert's ability, credibility, reputation, or competence." *Network Publ'ns, Inc. v. Bjorkman*, 756 So. 2d 1028, 1031 (Fla. 5th DCA 2000). "This rule recognizes that a trial should not be reduced to a debate regarding the ability, credibility, or reputation of an expert based on the perception of another expert." *Id.*

Here, the defense expert's comment that a finding in Plaintiff's expert's report was "clearly wrong" undoubtedly violated the court's in limine order. Moreover, the comment indirectly and improperly expressed an opinion as to the validity of another expert's opinion. *See Carlton*, 146 So. 2d at 916. However, because Plaintiff failed to move for a mistrial after the trial court sustained her objection, the issue is not preserved and can only be reviewed for fundamental error. *See Sanchez v. State*, 81 So. 3d 604, 610 (Fla. 3d DCA 2012) (improper witness comment not preserved because defendant failed to move for mistrial after the trial court sustained his objection and, thus, the error could only be reviewed for fundamental error). We do not find such an indirect comment rises to the level of fundamental error. *Cf. Caban v. State*, 9 So. 3d 50, 53 (Fla. 5th DCA 2009) (reversible error where state's expert testified that defense expert's "conclusions were not generally accepted by the medical community," that his data was "soft," and that his "conclusions 'are not accepted as even following from his own data'"); *Scarlett v. Ouellette*, 948 So. 2d 859, 864 (Fla. 3d DCA 2007) (proper for trial judge to limit expert's testimony when asked to directly comment on the credibility of an opposing expert); *Carver v. Orange Cty.*, 444 So. 2d 452, 454 (Fla. 5th DCA 1983) (reversible error for trial court to allow expert witness to impeach the opposing expert by allowing expert witness to give his opinion as to the opposing expert's overall ability).

### c) Question regarding whether Plaintiff retained an attorney before seeking medical treatment

As the third ground, the trial court found that defense counsel improperly asked Plaintiff on cross-examination whether she retained an attorney before seeking medical treatment. The question was based on information in a chiropractic questionnaire Plaintiff filled out upon her initial visit with a chiropractor. In that questionnaire, an unredacted version of which Plaintiff's counsel relied on during direct examination, Plaintiff checked the "yes" box to the question "Have you retained an attorney?" Plaintiff's counsel objected before Plaintiff could answer. At sidebar, defense counsel explained that he was simply referencing a

document that Plaintiff had already placed into evidence.[1]  Plaintiff's counsel admitted to erroneously introducing the unredacted questionnaire into evidence during direct examination.  After noting that "[y]ou can't redact anything after it's in evidence," the trial court overruled the objection.  Defense counsel was then permitted to re-ask the question, and Plaintiff responded that she did retain counsel before seeking medical treatment.

Generally, whether a plaintiff retains an attorney is improper and irrelevant.  *Watson v. Builders Square, Inc.*, 563 So. 2d 721, 722–23 (Fla. 4th DCA 1990).  However, here, Plaintiff invited the error by introducing the questionnaire without redacting the question at issue. *See Cordoba v. Rodriguez*, 939 So. 2d 319, 323 (Fla. 4th DCA 2006) ("[U]nder the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal." (alteration in original) (quoting *Goodwin v. State*, 751 So. 2d 537, 544 n.8 (Fla. 1999))); *see also Hill v. Sadler*, 186 So. 2d 52, 54 (Fla. 2d DCA 1966) (stating that comments regarding what a document contains are improper *before* the document is admitted into evidence).

### d) Comment referencing State Farm's wealth

As the fourth ground, the trial court found that State Farm improperly interjected its wealth into the case by making the following comments in closing argument:

> Instead, let's hope that we can get a jury.  Let's hope that we can get a jury of six people to say, hey, we have got the big guy over there, State Farm.  We have got the big name and big lights, every TV commercial.  We have got State Farm.  And maybe, if we get six people to remember that it's State Farm on the other side, maybe they'll say, you know, something, let's give her money.  Let's ignore everything the Defendant said because we have got State Farm over there.

The above comments, which Plaintiff did not object to, were made after State Farm's counsel detailed how the evidence in the case failed to support Plaintiff's claim that the accident caused her injuries.

---

[1]  Although the questionnaire was marked as an exhibit and referenced during direct examination of Plaintiff, it does not appear that the questionnaire was formally moved into evidence.  The parties, however, treated the questionnaire as if it had been moved into evidence and, consequently, an unredacted version of the questionnaire was submitted to the jury during deliberations.

"Florida has a long-standing rule that 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's.'" *Hurtado v. Desouza*, 166 So. 3d 831, 835 (Fla. 4th DCA 2015) (quoting *Batlemento v. Dove Fountain, Inc.*, 593 So. 2d 234, 241 (Fla. 5th DCA 1991)). However, this rule generally applies "because jurors have a tendency to favor the poor as against the rich, especially when provoked by inflammatory evidence." *Id.* In other words, the rule is generally intended to protect the wealthier party and to prevent the jury from "apply[ing] the deep pocket theory of liability." *Sossa ex rel. Sossa v. Newman*, 647 So. 2d 1018, 1019–20 (Fla. 4th DCA 1994) (citing *Seaboard Air Line Ry. v. Smith*, 43 So. 235, 239 (Fla. 1907)); *see also State Farm Mut. Auto. Ins. Co. v. Revuelta*, 901 So. 2d 377, 380 (Fla. 3d DCA 2005) (reiterating that the danger of introducing evidence of a party's wealth or poverty is that the jury will "sympathize with the financially stricken party").

Here, aside from the fact that State Farm did not directly reference its wealth in closing, the prejudice that normally accompanies references to a party's wealth is not present as State Farm clearly did not seek to have the jury sympathize with the less wealthy Plaintiff. *Cf. Revuelta*, 901 So. 2d at 380. Rather, State Farm generally referenced its status as "the big guy" in an attempt to demonstrate that Plaintiff failed to meet her burden. "Taken in context, the comments were not an invitation to decide the case on the improper basis of the financial status of the parties." *Target Stores v. Detje*, 833 So. 2d 844, 845 (Fla. 4th DCA 2002) (holding that references to the defendant as a "big corporation" did not invite the jury to decide the case based on the financial status of the parties). If anything, the comments urged the jury to disregard State Farm's wealth and "big corporation" status.

*e) Cumulative error*

Lastly, the trial court found that the cumulative prejudicial effect of the above described errors warranted a new trial.

"Where multiple errors are found, even if deemed harmless individually, 'the cumulative effect of such errors' may 'deny to defendant the fair and impartial trial that is the inalienable right of all litigants.'" *Hurst v. State*, 18 So. 3d 975, 1015 (Fla. 2009) (quoting *Brooks v. State*, 918 So. 2d 181, 202 (Fla. 2005)). Although preserved and unpreserved error may be considered in a cumulative error analysis, "where the alleged errors urged for consideration in a cumulative error analysis are individually 'either procedurally barred or without merit, the claim of cumulative error also

7

necessarily fails.'" *Id.* (quoting *Israel v. State*, 985 So. 2d 510, 520 (Fla. 2008)); *see also Marotta*, 125 So. 3d at 961. Here, having concluded that the comments were either proper, invited by Plaintiff's counsel, or not so prejudicial so as to warrant a new trial, it cannot be said that the cumulative effect of the comments denied Plaintiff a fair and impartial trial.

Accordingly, we reverse the trial court's order granting a new trial. On remand, the trial court shall reinstate the jury's verdict and enter a final judgment consistent with the verdict.

*Reversed and remanded.*

LEVINE, C.J., and KUNTZ, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

8