# Third District Court of Appeal

## State of Florida

Opinion filed April 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1468
Lower Tribunal No. F15-12785
_____

**Omar Rodriguez,**

Appellant,

vs.

**State of Florida,**

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. See Jimenez v. State, 167 So. 3d 497, 499 (Fla. 3d DCA 2015) ("[T]rial counsel's failure to object to the six-person jury operates as a procedural bar that generally precludes appellate review of such an unpreserved error. . . . Jimenez was not denied his constitutional right to a trial by jury. Rather, he was provided with a trial by jury, but consisting of six rather than twelve persons. While this failed to comply with the statutory requirement, it was not fundamental error such that it could have been raised for the first time on appeal."); Kopsho v. State, 84 So. 3d 204, 212 (Fla. 2012) ("Evidence of other crimes, wrongs or acts is admissible if (1) it is relevant and has probative value in proof of the instant case or some material fact or facts in issue; and (2) its sole purpose is not to show the bad character of the accused; and (3) its sole purpose is not to show the propensity of the accused to commit the instant crime charged; and (4) its admission is not precluded by some other specific exception or rule of exclusion."); Clark v. State, 881 So. 2d 724, 727 n.2 (Fla. 1st DCA 2004) ("[O]ne isolated comment does not entitle a defendant to a mistrial, especially when an appropriate curative instruction is given by a trial judge."); Reed v. State, 837 So. 2d 366, 370 (Fla. 2002) ("[F]undamental error [in a jury instruction] occurs only when the omission is pertinent or material to what the jury must consider in order

to convict. . . . Thus, for error to meet this standard, it must follow that the error prejudiced the defendant." (quotations omitted)).